845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
C.J. & S. COAL COMPANY, INC., Respondent.
 No. 87-6085.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1988.
 
 Before BOYCE F. MARTIN Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, C.J. & S. Coal Company, Inc., Price, Kentucky, its officers, agents, successors, and assigns, enforcing its order dated 31 July 1987, in Case Nos. 9-CA-23473 and 9-CA-23977, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, C.J. & S. Coal Company, Inc., Price, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Unilaterally changing the wage rates of its bargaining unit employees without notice to or bargaining with the Union.
 
 
 5
 (b) Bypassing the Union and dealing directly with its employees by soliciting them to accept a new wage scale different from that set forth in the collective-bargaining agreement and to drop grievances against the Respondent.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Rescind the unilateral changes in wage rates instituted about 18 July 1986.
 
 
 9
 (b) Make any bargaining unit employee adversely affected by the actions found unlawful in the Board's decision whole for any loss suffered as a result of such actions in the manner set forth in the remedy section of the Board's Decision.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 11
 (d) Post at its Price, Kentucky facility copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by an authorized representative of the Respondent's, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the Regional Director in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 16
 To bargain collectively through representatives of their own choice
 
 
 17
 To act together for other mutual aid or protection
 
 
 18
 To choose not to engage in any of these protected concerted activities.
 
 
 19
 WE WILL NOT bypass the Union by soliciting employees to accept a new wage scale different from that set forth in the collective-bargaining agreement.
 
 
 20
 WE WILL NOT solicit employees to drop grievances pending against us outside the presence of their exclusive representative.
 
 
 21
 WE WILL NOT unilaterally change wage rates or any other terms or conditions of employment.
 
 
 22
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 23
 WE WILL rescind the unilateral wage rate changes made on or about 18 July 1986.
 
 
 24
 WE WILL make any bargaining unit employee adversely affected by our violations of the Act whole for any loss of earnings, plus interest.
 
 
 25
 C.J. & S. COAL COMPANY, INC.
 
 
 26
 (Employer)
 
 Dated ________ By ____________
 
 27
 This is an official notice and must not be defaced by anyone.
 
 
 28
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, John Weld Pack Federal Building, Room 3003, 550 Main Street, Cincinnati, Ohio 45202, Telephone 513--684--3663.